IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIANO C. CASINO, an individual; ESTELITA B. CASINO, an individual,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BANK OF AMERICA, a Business Entity, form unknown; FIRST MAGNUS FINANCIAL CORPORATION, a Business Entity, form unknown; FIDELITY NATIONAL TITLE CORPORATION, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1-100 inclusive,<br><br>      Defendants. | CIVIL NO. 10-00728 SOM/BMK<br><br>ORDER DENYING THE CASINOS' MOTION FOR LEAVE TO FILE A LATE OPPOSITION, AND DISMISSING DEFENDANTS BANK OF AMERICA, N.A., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FROM THIS ACTION; ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS TO DEFENDANT FIRST MAGNUS FINANCIAL CORPORATION |

ORDER DENYING THE CASINOS' MOTION FOR LEAVE TO FILE A LATE OPPOSITION, AND DISMISSING DEFENDANTS BANK OF AMERICA, N.A., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FROM THIS ACTION; ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS TO DEFENDANT FIRST MAGNUS FINANCIAL CORPORATION

I.     ORDER DENYING THE CASINOS' MOTION FOR LEAVE TO FILE A LATE OPPOSITION, AND DISMISSING BANK OF AMERICA AND MERS FROM THIS ACTION.

On May 4, 2011, the court granted the Motion to Dismiss filed by Defendants Bank of America, N.A. ("Bank of America"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). ECF No. 31. The court granted the motion with leave to amend as to certain counts, and ordered any Amended Complaint be filed no

later than fourteen days from the date of the Order (May 18, 2011). The Casinos failed to amend the Complaint.

On May 25, 2011, citing the Casinos' failure to timely amend their Complaint, Bank of America and MERS moved to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that the court may dismiss an action if, <u>inter alia</u>, the plaintiff fails to comply with a court order or this district's local rules. <u>See</u> ECF No. 34. The Casinos' response to this motion was due on June 14, 2011. <u>See</u> LR7.4. The Casinos filed no response by that deadline. On June 20, 2011, the court called the office of the Casinos' counsel to inquire as to whether the motion was unopposed. The court was subsequently informed by the Casinos' counsel on June 22, 2011, that he was not sure what he intended to do. On June 30, 2011, eight days later and only two business days before the hearing, the Casinos filed a two-page motion for leave to file an opposition memorandum. ECF No. 36. No proposed opposition was attached as an exhibit. The only reason provided for the failure to timely file an opposition was "administrative error."

The reason that the opposition deadline is 21 days before the hearing is to allow the moving party time to file a reply and to give the court time to adequately prepare for the hearing. Disregarding the local rules and failing to file an opposition until two days before the hearing does a disservice to

2

the court and to opposing counsel because it forces both to do extra, expedited work.  Under the circumstances presented here, "administrative error," without more, is a wholly insufficient basis to suspend a hearing that has been scheduled for over a month so that the Casinos may now begin to prepare their opposition.  The court notes that, in another recent case, the Casinos' counsel, Robin R. Horner, requested leave to file a late opposition, citing "an oversight in our office," and his request was denied.  See Letter from Robin R. Horner to Court, <u>Enriquez v. Aurora Loan Servs., LLC</u>, Civ. No. 10-00281 SOM/KSC, ECF No. 24; EO: Re Motion to Dismiss Complaint, ECF No. 23 (denying request to file late opposition).  Indeed, Horner eventually paid a sanction to the court after he ultimately disregarded the court's order and attempted to file an opposition two business days before the hearing.  <u>Enriquez</u>, 2011 WL 1103809 (D. Haw. Mar. 22, 2011); Receipt for Sanctions Paid, <u>Enriquez</u>, Civ. No. 10-00281 SOM/KSC, ECF No. 33.  The motion for leave to file a late opposition is DENIED.

The court finds that a hearing on Bank of America and MERS' Motion is neither necessary nor appropriate.  See LR7.2(d). In light of the lack of opposition to the Motion to Dismiss, the earlier direction that any amended Complaint had to be filed by May 18, 2011, and the Casinos' failure to do anything at all about amending their Complaint, even after the present motion was

3

filed, the Motion to Dismiss is GRANTED as unopposed with respect to Bank of America and MERS. These Defendants are hereby DISMISSED from this action.

II.        ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS TO FIRST MAGNUS.

The court's May 4 Order granting Bank of America and MERS' Motion to Dismiss also dismissed, sua sponte, all Counts except Count IV with respect to First Magnus Financial Corporation ("First Magnus"). Count IV as asserted against First Magnus is therefore the sole remaining count of the Complaint.[1]

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff must serve all Defendants in an action within 120 days of the filing of the Complaint. Fed. R. Civ. P. 4(c), (m). The Casinos filed their Complaint on December 9, 2010. ECF No. 1. As it is now the beginning of July 2011, the time for service has long passed. The docket does not show that First Magnus has been served with the summons and Complaint. See Fed. R. Civ. P. 4(*l*) (requiring proof of service unless service has been waived). Therefore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the court ORDERS the Casinos, on or before July 15, 2011, to SHOW CAUSE why the Complaint should not be dismissed with respect to First Magnus for failure

---

[1] The court notes that the Order also dismissed all Counts of the Complaint sua sponte with respect to the remaining Defendant, Fidelity National Title Corporation. ECF No. 31.

4

to serve that Defendant.  If the court does not receive a response from the Casinos by July 15, 2011, the Complaint will be dismissed.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, July 1, 2011.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

---

Casino v. Bank of America; Civil No. 10-00728 SOM/BMK; ORDER DENYING THE CASINOS' MOTION FOR LEAVE TO FILE A LATE OPPOSITION, AND DISMISSING DEFENDANTS BANK OF AMERICA, N.A., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FROM THIS ACTION; ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS TO DEFENDANT FIRST MAGNUS FINANCIAL CORPORATION.