IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIANO C. CASINO, an individual; ESTELITA B. CASINO, an individual, | ) ) ) ) | CIVIL NO. 10-00728 SOM/BMK <br><br> ORDER DENYING THE CASINOS' MOTION FOR RECONSIDERATION |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BANK OF AMERICA, a Business Entity, form unknown; FIRST MAGNUS FINANCIAL CORPORATION, a Business Entity, form unknown; FIDELITY NATIONAL TITLE CORPORATION, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1-100 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER DENYING THE CASINOS' MOTION FOR RECONSIDERATION

I.      INTRODUCTION AND BACKGROUND.

On May 4, 2011, the court granted a Motion to Dismiss filed by Defendants Bank of America, N.A. ("Bank of America"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  ECF No. 31.  The court set a date by which the Casinos could file an amended Complaint.  The Casinos failed to amend their Complaint by the date ordered by the court, and Bank of America and MERS moved to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See ECF No. 34.  The Casinos failed to respond to Defendants' motion by their opposition

deadline of June 14, 2011. On June 20, 2011, the court called

the office of the Casinos' counsel to inquire as to whether the

motion was unopposed, and the court was informed by the Casinos'

counsel on June 22, 2011, that he was not sure what he intended

to do.

On June 30, 2011, eight days later and only two

business days before the hearing on the Rule 41(b) motion, the

Casinos filed a two-page motion for leave to file an opposition

memorandum, arguing that counsel's "administrative error" had

prevented them from timely opposing the motion. ECF No. 36. No

opposition was attached. In light of the lack of opposition to

the Motion to Dismiss, the earlier direction that any amended

Complaint had to be filed by May 18, 2011, and the Casinos'

failure to do anything at all about amending their Complaint,

even after the dismissal motion was filed, the court granted Bank

of America and MERS' motion to dismiss as unopposed. ECF No. 37.

The Casinos now move for reconsideration. Because the Casinos do

not meet the requirements for reconsideration, their motion is

DENIED.

II.      ANALYSIS AND DISCUSSION.

The Casinos' motion for relief is styled under Rule 60

of the Federal Rules of Civil Procedure as a motion for

reconsideration of the court's order dismissing Bank of America

and MERS from this action.[1]

Rule 60(b) permits relief from "final" judgments, orders or proceedings based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Motions to reconsider are committed to the discretion of the trial court. Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

On a motion for reconsideration, the court examines at least four factors to determine when a party's or counsel's neglect is excusable: "(1) the danger of prejudice to the

---

[1]The Motion for Reconsideration also refers to Rule 59 of the Federal Rules of Civil Procedure, as well as subsections (b)(2) and (b)(6) of Rule 60. Mot. 10. However, other than listing the rules, the Casinos have not presented arguments specific to those rules.

opposing party; (2) the length of the delay and its potential
impact on the proceeding; (3) the reason for the delay; and (4)
whether the movant acted in good faith."  Lemoge v. United
States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Bateman v.
U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000)).

     The Casinos argue that they merit reconsideration
because of "mistake, inadvertence, surprise, or excusable
neglect" by their attorney.  Mot. 11-16.  Their counsel claims
that he failed to oppose Bank of America and MERS' motion to
dismiss because "things were in a state of flux; a new paralegal
had just been hired and was being trained," and he was attending
court hearings on and off island during the week of June 20.
Mot. 9.  He states that he filed a motion for leave to amend the
complaint less than one week after the "administrative errors"
were discovered.  Mot. 15.  He states that he planned to file an
amended complaint and/or opposition memorandum by July 4, and
therefore the length of the delay would have been relatively
short.  Id.

     Most significant to the court is the repetitive nature
of Casinos' counsel's actions.  The dismissal followed the
Casinos' failure to meet not one but two deadlines.  First,
counsel missed the May 18, 2011, deadline to amend the Complaint.
This deadline was set by the court's May 4, 2011, order.  After
Bank of America and MERS filed a motion to be dismissed from this

4

action, counsel then failed to oppose that motion by the deadline of June 14, 2011.

Any "administrative error" that caused these missed deadlines was corrected on June 22, 2011, when counsel returned a call from the court regarding the motion and learned from court personnel that his deadline to amend the Complaint and to timely oppose Defendants' motion to dismissed had both passed. Nevertheless, counsel waited another eight days to file his "Motion for Leave to File a Late Opposition." In other words, even if a docketing error in counsel's office prevented counsel from realizing that both his deadline to amend the Complaint and his deadline to oppose the subsequent motion to dismiss had passed, counsel was on notice of these defects for over a week before acting on them.

This is not the first time counsel has claimed "administrative error" to this court to explain missed deadlines. See Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS/KSC, Mem. Supp. Mot., July 19, 2011, ECF No. 27-1 (attributing counsel's failure to timely amend complaint to "administrative error"); Levy v. Wells Fargo Bank, N.A., Civ. No. 11-00159 SOM/KSC, Decl. Robin R. Horner, July 14, 2011, ECF No. 24-1 (same); Enriquez v. Aurora Loan Servs., LLC, Civ. No. 10-00281 SOM/KSC, Letter from Robin R. Horner to Court, Mar. 4, 2011, ECF No. 24 (stating that counsel failed to file opposition

due to administrative error).

The reasons given for the delay also weigh against reconsideration. According to the Casinos' counsel, he missed the deadline to oppose Bank of America and MERS' motion to be dismissed from this action because he was busy attending court hearings and assisting in the training of a new paralegal. Mot. 8. In the court's view, these "reasons" merely consist of standard activities in the week of virtually any litigator. This is by no means the first time the court has been told that an attorney has missed a deadline because he or she was "busy," but when an attorney has repeatedly missed deadlines, the court is hard-pressed to accept being "busy" as a ground for excusing the missing of court deadlines.

Lacking a nonfrivolous explanation for the Casinos' delay, the court presumes prejudice. See Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998). As discussed above, the reasons given by the Casinos' counsel echo reasons he has given in other circumstances. They do not rebut the presumption of prejudice. The court also notes that the resulting prejudice to the Casinos from denial of reconsideration is diminished by the fact that this order does not result in the outright dismissal of the action, as one Defendant still remains. Cf. Lemoge, 587 F.3d at 1195 (court may, if appropriate, consider prejudice to movant resulting from denial of reconsideration).

Finally, "length of delay" does not weigh in favor of reconsideration.  The Casinos' counsel represents that he was "intending to file an amended complaint and/or opposition memorandum no later than July 4, 2011," resulting in a delay of proceedings by a month or two at most.  Mot. 15.  However, the Casinos did not prepare a proposed Amended Complaint until August 12, 2011, when they filed their reply brief to the present motion and belatedly attached the proposed Amended Complaint as an exhibit.  The court cannot conclude, therefore, that only a "short delay" would have resulted if the court had permitted late amendment of the Complaint.

Having carefully considered the circumstances surrounding dismissal of Bank of America and MERS from this action, the court concludes that reconsideration is not warranted in this instance.  The Casinos' motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 15, 2011.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Casino v. Bank of America; Civil No. 10-00728 SOM/BMK; ORDER DENYING MOTION FOR RECONSIDERATION.